UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Clarissa Renfro**, <br><br> Plaintiff, <br><br> v. <br><br> **Willow Tree Health Care Group, Inc., Paul Caudill** and **Dan Menzer**, <br><br> Defendants. | No. <br><br> **COMPLAINT** <br><br> JURY DEMAND |

Now comes Plaintiff, Clarissa Renfro, ("Plaintiff"), by and through counsel and hereby states the following as her Complaint against Defendants, Willow Tree Healhcare Group, Inc. (hereafter "Willow Tree"), Paul Caudill (hereafter "Caudill") and Dan Menzer (hereafter "Menzer") (collectively "Defendants"):

## PRELIMINARY STATEMENT

1. This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA").

2. Plaintiff brings this action to recover the unpaid overtime wages owed to her as a result of Defendants' misclassification of Plaintiff as exempt from the overtime requirements of the FLSA.

3. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

4. Plaintiff further brings this action under breach of contract principles pursuant to Tennessee law.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the Middle District of Tennessee, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maury, Tennessee, and is a former employee of Defendants.

9. At all material times, Plaintiff was a full-time employee of Defendants who worked from approximately April 26, 2021 through approximately May 30, 2022.

10. At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

11. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

12. At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

13. is a Tennessee corporation and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

14. Under the FLSA, Willow Tree Health Care Group is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Willow Tree had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Willow Tree. Having acted in the interest of Willow Tree in relation to their employees, including Plaintiff, Willow Tree is subject to liability under the FLSA.

15. Under the FLSA, Defendant Paul Caudill is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Caudill is the Chief Executive Officer and co-owner of Willow Tree. In fact, Plaintiff reported directly to Caudill and was under Caudill's direct supervision and control throughout her employment with Defendants. At all relevant times, Caudill had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Willow Tree. As a person who acted in the interest of Willow Tree in relation to Willow Tree's employees, including Plaintiff, Cuadill is subject to individual liability under the FLSA.

16. Under the FLSA, Defendant Dan Menzer is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Menzer is the Chief Financial Officer and co-owner of Willow Tree. In fact, Menzer personally hired Plaintiff and set the terms of her employment

and compensation. At all relevant times, Menzer had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Willow Tree. As a person who acted in the interest of Willow Tree in relation to Willow Tree's employees, including Plaintiff, Menzer is subject to individual liability under the FLSA.

17. Defendants are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

20. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

21. At all relevant times, Plaintiff in her work for Defendants, was engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants own and/or operate as Willow Tree Health Care Group Inc., an enterprise located in Nashville, Tennessee.

25. Willow Tree is in the business of facilitating medical billing and collections for its customers in the greater Nashville area.

26. On or around April 26, 2021, Plaintiff began her employment with Defendants.

27. In exchange for her employment, Defendants agreed to pay Plaintiff an annual salary of $115,000.

28. Additionally, in exchange for her employment, Defendants agreed to pay Plaintiff a bonus of fifteen percent (15%) of her annual salary, which was to be paid quarterly, i.e. in four equal installments every three-months.

29. The Administrative, Executive, Professional and Highly Compensated Employee exemptions of the FLSA all require that an employee be paid on a "salary-basis" of at least $684.00 per week.

30. Defendants ostensibly classified Plaintiff as exempt from FLSA's overtime requirements.

31. However, Defendants failed to pay Plaintiff on a "salary-basis" as required by all relevant overtime exemptions of the FLSA.

32. For example, Plaintiff received no salary or compensation whatsoever for the pay period ending on April 30, 2022; Plaintiff received no salary or compensation whatsoever for the pay period ending on May 15, 2022; and Plaintiff received no salary or compensation whatsoever for the pay period ending on May 30, 2022.

33. At all relevant times, Plaintiff worked no less than sixty (60) hours in any given workweek in her employment for Defendants.

34. As Plaintiff was not paid on a "salary-basis" as required by the Act, Defendants misclassified her as "exempt" from the overtime requirements of the FLSA.

35. As a result of Defendants' failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

36. Defendants likewise failed to pay Plaintiff her bonus as agreed by the Parties. In addition to the missing base pay detailed above, Defendants have failed to make the third and fourth quarterly bonus installments for 2021 and have failed to make the first and second quarterly bonus installments for 2022.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. The Administrative, Executive, Professional and Highly Compensated Employee exemptions of the FLSA all require that an employee be paid on a "salary-basis" of at least $684.00 per week.

39. Defendants ostensibly classified Plaintiff as exempt from FLSA's overtime requirements.

40. However, Defendants failed to pay Plaintiff on a "salary-basis" as required by all relevant overtime exemptions of the FLSA.

41. For example, Plaintiff received no salary or compensation whatsoever for the pay period ending on April 30, 2022; Plaintiff received no salary or compensation whatsoever for the pay period ending on May 15, 2022; and Plaintiff received no salary or compensation whatsoever for the pay period ending on May 30, 2022.

42. At all relevant times, Plaintiff worked no less than sixty (60) hours in any given workweek in her employment for Defendants.

43. As Plaintiff was not paid on a "salary-basis" as required by the Act, Defendants misclassified her as "exempt" from the overtime requirements of the FLSA.

44. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

45. As a result of Defendants' failure or refusal to pay Plaintiff a wage equal to one and one half times her regular rate of pay for work she performed for Defendants in excess of a regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times her regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: BREACH OF CONTRACT

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. "The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC Lifemed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (quoting *Custom Built Homes v. G.S. Hinsen Co., Inc.*, No. 01A01-9511-CV-00513, 1998 Tenn. App. LEXIS 89, 1998 WL 960287, at *3 (Tenn. Ct. App. Feb. 6, 1998).

48. Upon hiring Plaintiff, Defendants entered an enforceable contract and agreement to compensate Plaintiff for her work for Defendants an annual salary of $115,000, to be paid bi-montly, as well as a bonus of fifteen percent (15%) of her annual salary, which was to be paid quarterly, i.e. in four equal installments every three-months.

49. Defendants have breached that contract by (1) failing to pay Plaintiff any of her

salary or compensation whatsoever for the pay period ending on April 30, 2022; (2) fialing to pay Plaintiff any of her salary or compensation whatsoever for the pay period ending on May 15, 2022; (3) failing to pay Plaintiff any of her salary or compensation whatsoever for the pay peiod ending on May 30, 2022; (4) failing to pay Plaintiff her third and fourth quarterly bonus installments for 2021; and (5) failing to pay Plaintiff her first and second quarterly bonus installments for 2022.

50. As direct and proximate effect of Defendants' failure to pay Plaintiff her salary as agreed, Plaintiff has been damaged in the amount of $14,375.00 ([$115,000 ÷ 24] x 3).

51. As a direct and proximate effect of Defendants' failure to Plaintiff her bonus compensation as agreed, Plaintiff has been damaged in the amount of $17,250.00.

52. In total, as a direct and proximate effect of Defendants' failure to compensate Plaintiff as agreed, Plaintiff has suffered damages in the amount of $31,625.00 exclusive of interest, attorney fees and costs.

WHEREFORE, Plaintiff, Clarissa Renfro, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F. For the Court to declare and find that Defendants have breached the contract that they entered into with Plaintiff;

G. For the Court to award Plaintiff all damages incurred as a direct and proximate result of Defendants' breach of contract; and

F. Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this __ day of October, 2022.

s/ *Anne Bennett Hunter*
Anne Bennett Hunter, TN BPR# 022407
Hunter Law Firm
101 Creekside Crossing, Suite 1700-307
Brentwood, TN 37027
Phone: (615) 592-2977
Email: anne@hunteremploymentlaw.com

s/ *James L. Simon*
James L. Simon (*pro hac vice forthcoming*)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Phone: (216) 816-8696
Email: james@simonsaypay.com